**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
RICHARD ABONDOLO, as Chairman of the Board of : Case No. 07-cv-7799(RMB)(GWG)
Trustees of UFCW LOCAL 342 HEALTH CARE FUND, :     ECF CASE
                                           :
       Petitioner,                         : **PETITION TO CONFIRM**
                                           : **ARBITRATION AWARD**
       -against-                           :
                                           :
JUMBO HERO DELI, INC. a/k/a JUMBO DELI, INC. :
d/b/a CHARCUTERIE DELICATESSEN,            :
                                           :
       Respondent.                         :
---------------------------------------------------------------X

The Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund, by and through his attorney, Andrew John Calcagno, as and for his Petition, respectfully alleges as follows:

### NATURE OF ACTION

1. This is an action to confirm one (1) labor arbitration award issued by John Kennedy dated July 11, 2007.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

## PARTIES

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund (the "342 Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Health Care Fund within the meaning of ERISA section 502. The 342 Health Care Fund is an employee welfare benefit plan within the meaning of ERISA Section 2. The 342 Health Care Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Respondent herein. The 342 Health Care Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Respondent, Jumbo Hero Deli, Inc. a/k/a Jumbo Deli, Inc. d/b/a Charcuterie Delicatessen ("Jumbo" and/or the "Employer"), is an Employer within the meaning of ERISA and is bound by a collective bargaining entered into between the Petitioner and the Respondent. The Respondent's principal place of business is 3971 Darby Lane, #1, Seaford, NY 11783 and a former address at 244 Flatbush Avenue, Brooklyn, New York 11217.

6. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

7. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the 342 Health Care Fund to provide health care benefits to its employees.

8. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations and other documents of the 342 Health Care Fund, and authorized the 342 Health Care Fund to maintain an action on its own behalf to collect contributions due and owing to the 342 Health Care Fund.

9. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

10. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the 342 Health Care Fund in a timely manner, the 342 Health Care Fund is entitled to recover from the Employer the outstanding contributions to the 342 Health Care Fund plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

11. For the month of May 2007 the Employer failed to make some or all of the contributions to the 342 Health Care Fund as required by the Agreement.

12. The amounts owed by the Employer, for such contributions in accordance with the Arbitration Award dated July 11, 2007 (the "Award") is as follows:

- Local 342 Health Care Fund         $ 8,420.00
- Interest @ 18% per annum           $   126.30
- Liquidated Damages @ 20%           $ 1,709.26
- Attorney's Fees                    $   800.00
- Arbitration Fees                   $   800.00

   **TOTAL**                         **$ 11,855.56**

13. The total amount owed by the Employer to the 342 Health Care Fund, Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such contributions in accordance with the Award during the above-referred periods is **$11,855.56**. *See* the Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

## JULY 11, 2007 ARBITRATION PROCEEDINGS AND AWARD

14. After notice was duly given to the Employer, Arbitrator Kennedy conducted a hearing with regard to the Petitioner's claims for contributions. There was no appearance made on behalf of the Employer. During the hearing, the Arbitrator received proof relating to Contributions due and owing by the Employer to the 342 Health Care Fund.

15. On July 11, 2007, Arbitrator Kennedy issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the 342 Health Care Fund for the month of May 2007.

16. The Arbitrator found that the Employer was obligated to pay a total of **$11,855.56** to the 342 Health Care Fund.

17. Although the 342 Health Care Fund have demanded that the Employer comply with the Award, the Employer has refused and has failed to pay the foregoing amounts.

18. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

**WHEREFORE,** the Petitioner respectfully requests an Order and Judgment:

    a.    confirming the Arbitration Award by John Kennedy dated July 11, 2007 and directing the Respondent to pay **$11,855.56** to the Petitioner;

    b.    granting the Petitioner its costs and legal fees in bringing this action pursuant to ERISA § 1132(g)(2); and

    c.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York  
       August 30, 2007

/S/  
**ANDREW JOHN CALCAGNO (AC 3085)**  
*Attorney At Law*  
*Attorney for the Petitioner*

*Main Office*  
213 South Avenue East  
Cranford, NJ 07016  
Tel: (908) 272-7300  
Fax: (908) 272-5577

*Satellite Office*  
404 Manor Road  
Staten Island, New York 10314  
Tel: (718) 815-0200