**ANDREW JOHN CALCAGNO** (AC 3085)
Attorney At Law
404 Manor Road
Staten Island, New York 10314
(718) 815-0200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

| | | |
|---|---|---|
| RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 HEALTH CARE FUND; RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 50 PENSION FUND; and RICHARD ABONDOLO, as Chairman of the Board of Trustees of UFCW LOCAL 342 LEGAL FUND, | : : : : : : : | Case No. 07-cv-7799(RMB)(GWG) ECF CASE |
| Petitioner(s), | : : | **AMENDED PETITION TO** |
| -against- | : : : | **CONFIRM ARBITRATION AWARD PURSUANT TO FRCVP 15(a) and** |
| JUMBO HERO DELI, INC. a/k/a JUMBO DELI, INC. d/b/a CHARCUTERIE DELICATESSEN, | : : : | **COMPLAINT FOR BREACH OF ERISA OBLIGATIONS POST ARBITRATION** |
| Respondent. | : | |

_____X

The Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund; Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 50 Pension Fund; and Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Legal Fund, by and through their attorney, Andrew John Calcagno, as and for their Amended Petition Amended Petition Pursuant to FRCVP 15(a) and Complaint for Breach of ERISA obligations post Arbitration, respectfully alleges as follows:

## NATURE OF ACTION

1. This is an action to confirm one (1) labor arbitration award issued by John Kennedy dated July 11, 2007 and for failure to pay contributions post-Arbitration under ERISA § 515, 29 U.S.C. 1145.

2. Jurisdiction of this Court is invoked pursuant to the Employee Retirement Income Security Action of 1974, 29 U.S.C. 1132(a) ("ERISA"), ERISA section 502, Section 301(a) of the Labor-Management Relations Act of 1974 29 U.S.C. 185(a) the "Act", and Section 9 of the United States Arbitration Act, 9 U.S.C. Section 9.

3. Venue is properly laid in this Judicial District pursuant to 29 U.S.C. 185(a) and 1132 and 9 U.S.C. Section 9.

## PARTIES

4. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Health Care Fund (the "342 Health Care Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Health Care Fund within the meaning of ERISA section 502. The 342 Health Care Fund is an employee welfare benefit plan within the meaning of ERISA Section 2. The 342 Health Care Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing health care coverage and other benefits to members of the Union working for various Employers, including the Respondent herein. The 342 Health Care Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

5. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 50 Pension Fund (the "50 Pension Fund"), is a fiduciary empowered to bring this action on behalf of the 50 Pension Fund within the meaning of ERISA section 502. The 50 Pension Fund is an employee pension benefit plan within the meaning of ERISA Section 2. The 50 Pension Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing pension benefits and other benefits to members of the Union working for various Employers, including the Respondent herein. The 50 Pension maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

6. Petitioner, Richard Abondolo, as Chairman of the Board of Trustees of UFCW Local 342 Legal Fund (the "342 Legal Fund"), is a fiduciary empowered to bring this action on behalf of the 342 Legal Fund within the meaning of ERISA section 502. The 342 Legal Fund is an employee legal benefit plan within the meaning of ERISA Section 2. The 342 Legal Fund was established and is maintained by Amalgamated Meat Cutters Retail Food Store Employees of Greater New York (the "Union") and various Employers for the purpose of providing legal benefits and other benefits to members of the Union working for various Employers, including the Respondent herein. The 342 Legal Fund maintains places of business at 540 West 48th Street, New York, New York 10036 and 166 East Jericho Turnpike, Mineola, New York 11501.

7. The 342 Health Care Fund, the 50 Pension Fund and the 342 Legal Fund are hereinafter collectively known as "the Funds".

8. Respondent, Jumbo Hero Deli, Inc. a/k/a Jumbo Deli, Inc. d/b/a Charcuterie Delicatessen ("Jumbo" and/or the "Employer"), is an Employer within the meaning of ERISA and is bound by a collective bargaining entered into between the Petitioners and the Respondent. The Respondent's principal place of business is 3971 Darby Lane, #1, Seaford, NY 11783 and a former address at 244 Flatbush Avenue, Brooklyn, New York 11217.

9. The Union and the Employer are parties to a written collective bargaining agreement (the "Agreement"), which sets forth the wages, hours and conditions of employment for members of the Union working for the Employer.

10. Pursuant to the provisions of the Agreement, the Employer is obligated to make certain monthly contributions to the Funds to provide health care, pension and legal benefits to its employees.

11. Pursuant to the provisions of the Agreement, the Employer agreed to be bound by the Declarations and other documents of the Funds, and authorized the Funds to maintain an action on its own behalf to collect contributions due and owing to the Funds.

12. In pertinent part, the Agreement further provides that disputes between the Union and the Employer are to be resolved by arbitration and that the award of the arbitrator is final and binding and enforceable in any court of competent jurisdiction.

13. Pursuant to the provisions of the Agreement, if the Funds are experiencing financial difficulties, a pro rate share of IBNR contributions (payments which were incurred but not reported) can be assessed to the Employer.

14. For the month of July 2007, the Employer failed to pay the IBNR contributions to the 342 Health Care Fund as required by the Agreement.

15. The amounts owed by the Employer, for such IBNR contributions in accordance with the Arbitration Award dated July 11, 2007 (the "Award") is as follows:

  - Local 342 Health Care Fund         $  8,420.00
  - Interest @ 18% per annum           $    126.30
  - Liquidated Damages @ 20%           $  1,709.26
  - Attorney's Fees                    $    800.00
  - Arbitration Fees                   $    800.00

     **TOTAL**                         **$ 11,855.56**

16. The total amount owed by the Employer to the 342 Health Care Fund, Attorney's Fees, interest, liquidated damages, and Arbitration Fees for such IBNR contributions in accordance with the Award during the above-referred periods is **$11,855.56**. *See* the Award, a copy of which is attached hereto as **Exhibit A**, and made a part hereof.

17. Pursuant to the provisions of the Agreement, if the Employer fails to make contributions to the Funds in a timely manner, the Funds are entitled to recover from the Respondent the outstanding contributions to the Funds plus interest, liquidated damages, reasonable attorney's fees, court costs and disbursements.

18. For the months of August 2007 and September 2007, the Employer failed to make some or all of the contributions to the 342 Health Care Fund as required by the Agreement in the amounts of $3,042.00 per month for a total of $6,084.00.

19. For the months of July 2007, August 2007, and September 2007, the Employer failed to make some or all of the contributions to the 50 Pension Fund as required by the Agreement in the amounts of $40.00, $464.00, and $464.00, respectively for a total of $968.00.

20. For the month of September 2007, the Employer failed to make some or all of the contributions to the 342 Legal Fund as required by the Agreement in the amount of $18.00.

21. The total amount owed by the Employer to the 342 Health Care Fund, the 50 Pension Fund and the 342 Legal Fund for such contributions due and owing for the months of July 2007, August 2007, and September 2007 is **$7,070.00**. See spreadsheet attached hereto as **Exhibit B**.

22. The Employer has made two (2) payments as follows: to the 342 Health Care Fund in the amount of $71.00 and to the 50 Pension Fund in the amount of $212.00.

23. Both payments were returned by the Employer's bank for insufficient funds.

24. The total amount owed by the Employer to the 342 Health Care Fund and the 50 Pension Fund for payments which were returned as insufficient is **$283.00**. See spreadsheet attached hereto as **Exhibit B**.

## JULY 11, 2007 ARBITRATION PROCEEDINGS AND AWARD

25. After notice was duly given to the Employer, Arbitrator Kennedy conducted a hearing with regard to the Petitioner's claims for contributions. There was no appearance made on behalf of the Employer. During the hearing, the Arbitrator received proof relating to Contributions due and owing by the Employer to the 342 Health Care Fund.

26. On July 11, 2007, Arbitrator Kennedy issued his award, a copy of which is annexed hereto as **Exhibit A.** In pertinent part, the Arbitrator found that the Employer violated the Agreement by failing to make contributions to the 342 Health Care Fund for the month of May 2007.

27. The Arbitrator found that the Employer was obligated to pay a total of **$11,855.56** to the 342 Health Care Fund.

28. Although the 342 Health Care Fund have demanded that the Employer comply with the Award, the Employer has refused and has failed to pay the foregoing amounts.

29. None of the foregoing amounts have been paid by the Employer and the Employer is not entitled to any credits or offsets.

**CONTRIBUTIONS DUE AND OWING FOR THE PERIOD OF JULY 2007 THROUGH SEPTEMBER 2007 AND CHECKS RETURNED FOR INSUFFICIENT FUNDS**

30. During the months of July 2007 through September 2007, the Employer failed to make contributions to the 342 Health Care Fund, the 50 Pension Fund and the 342 Legal Fund.

31. The Employer's failure to make contributions is unjustified and is in breach of the Agreement.

32. Based upon the 342 Health Care Fund, the 50 Pension Fund and the 342 Legal Fund's records, the amount due and owing to the 50 Pension Fund and the 342 Legal Fund for the period of July 2007 through September 2007 is **$7,070.00**.

33. In addition to the contributions due and owing, the Employer owes to the 342 Health Care Fund and the 50 Pension Fund a total of **$283.00** for two (2) checks which were returned for insufficient funds.

**WHEREFORE,** the Petitioners respectfully request an Order and Judgment:

    a.    confirming the Arbitration Award by John Kennedy dated July 11, 2007 and directing the Respondent to pay **$11,855.56** to the 342 Health Care Fund;

    b.    directing the Respondent to pay **$7,070.00** for such contributions owed for the period of July 2007 through September 2007;

    c.    directing the Respondent to pay **$283.00** for the two (2) checks which were returned due to insufficient funds;

    d.    granting the Petitioners their costs and legal fees in bringing this action pursuant to ERISA § 1132(g)(2); and

    e.    for such other and further relief as this Court may deem just, proper and equitable.

Dated: Staten Island, New York
October 9, 2007

                                         /S/
**ANDREW JOHN CALCAGNO (AC 3085)**
*Attorney At Law*
*Attorney for the Petitioners*

*Main Office*
213 South Avenue East
Cranford, NJ 07016
Tel: (908) 272-7300
Fax: (908) 272-5577

*Satellite Office*
404 Manor Road
Staten Island, New York 10314
Tel: (718) 815-0200

-8-